GREEN, OLIVER L., Jr., Associate Judge.
This is an appeal from a conviction of first degree burglary, first degree arson, robbery, attempted second degree murder, and grand theft. While defendant has raised several points on appeal, the only one with merit concerns the sufficiency of the evidence to support the conviction of first degree burglary.
Basically, the facts of this case are that the defendant burglarized a commercial structure. After gaining entry, he started a fire and then observed the victim, John Hansen. The defendant walked behind Hansen and struck him over the head with a pipe. John Hansen, rendered unconscious by the blow, was never aware of defendant’s presence. Defendant searched through the unconscious victim’s pockets and, finding nothing, was in the process of leaving the premises when he observed and stole a vehicle which belonged to an em *344 ployee, Anna Stamalis, but which was in the care, custody or control of Hansen.
The information charged burglaiy in the course of which defendant made an assault upon John Hansen. To sustain this charge of first degree burglary, there must be proof of an assault. Section 810.02 Florida Statutes (1979). Section 784.011 Florida Statutes (1979), defines an assault as:
An intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Since the evidence in the present case is insufficient to show that the victim had a well founded fear of imminent violence, an essential element of criminal assault has not been proven. See Barrington v. State, 338 So.2d 85 (Fla. 1st DCA 1976); State v. Pinder, 375 So.2d 836 (Fla.1979).
The only other point which requires discussion is whether the defendant can be convicted and sentenced for both the crime of robbery and attempted second degree murder. It is implicit in our holding that robbery may be committed by methods other than by an assault, or putting in fear. F.S. 812.13(1). The crime of robbery and the crime of attempted second degree murder may involve a single act of force or violence, as in this case. Even so, there are several other elements which are not similar. We conclude that the defendant was properly convicted and sentenced for the crimes of robbery and attempted second degree murder. State v. Hegstrom, 401 So.2d 1343 (Fla.1981); Faison v. State, 399 So.2d 19 (Fla. 3d DCA 1981); Slater v. State, 316 So.2d 539 (Fla.1975); and Section 775.021(4), Florida Statutes (1979).
The judgment and sentence of burglary in the first degree is reversed. Since the evidence at trial established that the defendant was guilty of burglary of a structure in which there was a human being at the time defendant entered, a lesser offense necessarily included in the charge upon which the defendant went to trial, we remand this cause to the trial court with directions to enter a judgment and sentence for burglary of the second degree. See Lopez v. State, 345 So.2d 757 (Fla. 4th DCA 1977).
The judgments and sentences are severally affirmed in all other respects.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
BERANEK, J., concurs.
OWEN, WILLIAM C„ Jr., (Retired) Associate Judge, concurs specially with opinion.