471 So.2d 160 (1985)
Arthur BARNHILL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-1399.
District Court of Appeal of Florida, Fifth District.
June 13, 1985.
James B. Gibson, Public Defender, and Christopher S. Quarles, Assistant Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Justice.
Barnhill argues on appeal that his convictions for attempted robbery[1] and aggravated battery with a deadly weapon[2] violate his constitutional double jeopardy rights[3] because the act which constituted the aggravated battery was part of the "overt act" which necessarily formed the factual basis for the attempted armed robbery offense. We disagree in this case and affirm.
The record in this case is adequate to support a finding that two different crimes occurred. Barnhill approached a cashier in a grocery store and gave her a "holdup" note. When she failed to respond, Barnhill pulled out a pistol from a paper bag he was carrying, and said "Don't force me to hurt you."
When the cashier still failed to respond, Barnhill reached across the counter towards the open cash register drawer. The cashier slammed the drawer shut. At that point, Barnhill rushed behind the counter and ordered the cashier to lie down on the floor. When she refused, he hit her over the head twice with the pistol and fled from the store.
The striking of this admirably resistant robbery victim, which was the basis for the aggravated battery charge, could have been found by the jury to have occurred after the robbery attempt had been foiled by the victim's slamming the drawer shut. Since Barnhill made no further attempt to grab the money or to force the cashier to reopen the drawer, the jury could have concluded he abandoned his robbery attempt, and was at that point striking at the victim in retaliation for her resistance. Since there was a sufficient factual basis to support the jury's conviction for both crimes charged, we do not reach the double jeopardy issue. See Mitchell v. State, 407 So.2d 343 (Fla. 4th DCA 1981). The judgment is accordingly
AFFIRMED.
*161 FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., concurring specially with opinion.
COWART, Judge, concurring specially:

THE ISSUE:
The defendant claims that his convictions of attempted armed robbery (§§ 777.04(1); 812.13(2)(a), Fla. Stat.) and aggravated battery with a deadly weapon (§ 784.045(1)(b), Fla. Stat.) violate constitutional double jeopardy (Art. I § 9, Fla. Const.) because the two convictions actually relate to "the same offense" in that the act constituting the aggravated battery was but part of the "overt act" that constituted the factual basis for the attempted armed robbery conviction.

THE FACTS:
The defendant approached a cashier in a grocery store and laid a "hold-up" note on the counter. The cashier failed to respond. The defendant pulled a pistol from a paper bag and stated, "Don't force me to hurt you." The cashier did nothing. The defendant reached across the counter toward an open cash register drawer. The cashier slammed the drawer shut. The defendant went around the counter and ordered the cashier to get on the floor. The cashier refused. The defendant hit the cashier twice on the head with his pistol and forthwith fled from the store.

DOUBLE JEOPARDY:
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Blockburger contended that double jeopardy prohibited his trial on both counts three and five because each of those counts related to one and the exact same factual event, being one drug sale to one person at one time on one day. The court rejected that argument and differentiated between the two charges in those counts on the basis that, in substance, the statutory offense on which each charge was based was separate and distinctly different from the other because each statutory offense contained an essential constituent element that the other statutory offense did not require. Blockburger next contended that double jeopardy prohibited his trial on both counts two and three because both of those counts related to the exact same statutory offense (a sale of drugs not in or from the original stamped package) and, accordingly, each of those offenses had the exact same essential constituent elements. The court rejected that double jeopardy argument and differentiated between the charges in those counts on the basis that, in substance, the factual event on which each charge was based was separate and distinctly different from the factual event on which the other charge was based in that each count (counts two and three) factually related to a different drug sale on a different day. Thus Blockburger illustrates that the determination of whether two certain charged criminal offenses are "the same offense" within the double jeopardy prohibition, requires a two-step analysis.[1] The first step is to make a purely theoretical analysis and abstract comparison of the essential constituent elements of the two offenses[2] and the second step compares the factual bases for the two prosecutions.[3] If each offense *162 contains at least one element not required by the other offense, the two offenses are theoretically and substantively different and are never "the same offense" and no further analysis is required because double jeopardy does not apply.[4] However, if both offenses have the exact, same constituent elements, or when one offense includes all the elements of the other (a necessarily lesser included offense situation) it is then necessary to examine the factual basis for the charge as to each offense to determine whether, notwithstanding that the two offenses are theoretically the same, each charge has a different factual basis. Even if two charges are theoretically "the same offense" if the charge as to each offense necessarily rests, in some essential part, on a different set of facts than that supporting the other charge (i.e., if one offense requires proof of facts not required by the other offense), the defendant can be put in jeopardy (that is, charged, tried, convicted and punished) as to both offenses. It is only when two charged offenses are theoretically "the same offense" and both also have but one and the same factual basis that the two charged offenses are truly constitutionally "the same offense" and the defendant cannot be lawfully put in jeopardy as to both.[5]

DOUBLE JEOPARDY ANALYSIS OF AN ATTEMPT:
Every attempt crime requires proof of an "overt act going beyond mere preparation but falling short of execution of the ultimate design" and a double jeopardy problem arises when the overt act used to prove an attempt crime includes proof of all of the elements of any other completed crime, and a conviction of both the attempt crime and the completed crime is based on the same factual event. This is so because the "overt act" element of every attempt is so vague and indefinite that it cannot be theoretically differentiated from any act element of any other completed crime and, therefore, double jeopardy analysis in this instance is always limited to the second step examination and comparison of the factual basis for each charge. If in fact the charging document or the evidence presented at trial are insufficient to clearly show that the overt act or acts of the defendant that are relied on by the state to prove the defendant's specific intent to commit the attempt crime relate to a factual event separate and distinctly different from the acts of the defendant that constitute some other completed offense as to which the defendant is, has already once been, placed in jeopardy, the constitutional prohibition against double jeopardy bars the second prosecution. This problem is identical to that in Akins v. State, 462 So.2d 1161 (Fla. 5th DCA 1984).

THIS CASE:
If the defendant's acts in striking the cashier with his pistol were, along with the placing of the hold-up note, the display of the pistol, and the reaching for the cash register drawer, but part of his attempt to rob, he should not have been charged and convicted for the separate offense of aggravated battery. If, however, the battery was not a part of the robbery attempt because the defendant's attempt to rob had been completed before the battery occurred, then the battery, in fact, constituted a separate offense factually and distinctly different from the attempted robbery. Factual determinations and distinction should be made by the jury under appropriate instructions.[6]

CONCLUSION:
The facts in this case are sufficient to support a determination of this close factual question (the intent of the would-be robber) either way and to support the jury *163 verdicts which resolved the factual issue against the defendant and in favor of a finding that the two criminal charges in this case were each based on a separate and distinctly different factual event; that is, that the aggravated battery occurred as a result of frustration and anger of the thwarted would-be robber and after he had given up further efforts to accomplish the attempted armed robbery.
NOTES
[1] §§ 777.04(1) & 812.13(2)(a), Fla. Stat. (1981).
[2] § 784.045(1)(b), Fla. Stat. (1981).
[3] U.S.CONST. amend. V; Art. I, § 9, Fla. Const.
[1] See the dissent in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), rev. granted, No. 64,775 (State v. Rodriquez), at 241 ¶ 2 "Analysis of the Elements of Two Statutory Offenses to Determine Substantive Difference or Sameness", and at 242 ¶ 3 "Analysis to Determine if there is a Different Factual Basis for Two Prosecutions for `The Same Offense'". See also the dissent in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1983), at 42 and 44.
[2] See Bell v. State, 437 So.2d 1057 (Fla. 1983); Borges v. State, 415 So.2d 1265 (Fla. 1982).
[3] See, e.g., Holmes v. State, 453 So.2d 533 (Fla. 5th DCA 1984) (two robberies were found to be two separate and different factual events); Brown v. State, 430 So.2d 446 (Fla. 1983) (two robberies were found to be two separate and different factual events); Morales v. State, 451 So.2d 941 (Fla. 5th DCA 1984) (two robberies were found to be two separate and different factual events); State v. Katz, 402 So.2d 1184 (Fla. 1981) (differentiates between factual events on the basis of different times and different objects); Palmer v. State, 416 So.2d 878 (Fla. 4th DCA 1982) (evidence demonstrated the defendant "violated one statute thirteen times during a single episode"), disapproved on other grounds, 438 So.2d 1 (Fla. 1983).
[4] See Borges v. State, 415 So.2d 1265 (Fla. 1982).
[5] See Bell v. State, 437 So.2d 1057 (Fla. 1983).
[6] Often violations of double jeopardy are discernible as a matter of law, but when the issue of double jeopardy turns on a factual issue, as in this case, appropriate jury instructions and verdicts should be given the jury to permit it to make the necessary factual distinctions to effectuate the double jeopardy constitutional prohibition. The violation of double jeopardy rights constitutes fundamental error, see Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984).