475 So.2d 281 (1985)
Valentine GOTTHARDT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1584.
District Court of Appeal of Florida, Fifth District.
September 12, 1985.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
COWART, J., dissents with opinion.
*282 COWART, Judge, dissenting:

THE FACTS:
One time at one place the defendant intentionally exposed his penis in the presence of a five year old girl. For this one act the defendant was convicted of three statutory offenses: exposure of sexual organs (§ 800.03, Fla. Stat.); lewd and lascivious behavior (§ 798.02, Fla. Stat.); and lewd act in the presence of a child (§ 800.04, Fla. Stat.).

THE ISSUE:
Do the defendant's three convictions violate constitutional double jeopardy (Amend. V, U.S. Const. and Art. I, § 9, Fla. Const.) because the three convictions essentially and substantively relate to "the same offense" in that the one lewd act of intentionally exposing sexual organs in the presence of the child in a vulgar or indecent manner constituted open and gross lewd and lascivious behavior?

THE LEGAL QUESTION:
This case involves constitutional law, the double jeopardy clause and the problem of identifying two or more nominally different criminal offenses as being substantively two different offenses or substantively "the same offense" in constitutional contemplation.
One problem in this case is that the defendant's one specific act fits the description of the acts prohibited in these penal statutes because the statutes describe the prohibited conduct by vague words, such as, "behavior", "expose", and "act." All qualifying or limiting words, such as, "lewd" and "lascivious" (§§ 798.02 and 800.04), "vulgar" and "indecent" (§§ 800.03 and 800.04), and "open" and "gross" (§ 798.02), are too indefinite to describe, limit or restrict the conduct prohibited by each statute to some exclusive identifiable type or area of activity or conduct that does not overlap and does not include acts or conduct also prohibited by one or more of the other statutes. The concern with vagueness relates not to the constitutional due process notice problem but with the double jeopardy problem that results from concealing one substantive offense behind three vague statutes. Such vague penal statutes cannot be effectively differentiated by their essential constituent elements in the usual manner[1] nor can they be factually distinguished in this case because each charge is based on one and the same elemental factual event.[2]
The situation in this case is similar to certain other cases where a specific act is made a crime by one statute and that same act is also used to prove an essential but vaguely described element of another statutory offense. This occurs, for example, when an aggravated assault or aggravated battery charged in one count is the same act used as evidence to prove the vague "overt act" element of an attempted robbery charged in another count. When based on one and the same act (factual event) the two criminal charges cannot be substantively differentiated and, therefore, are "the same offense" for constitutional purposes. See, e.g., the separate opinions in Akins v. State, 462 So.2d 1161 (Fla. 5th DCA 1984), and Barnhill v. State, 471 So.2d 160 (Fla. 5th DCA 1985). Another example is when an assault or battery upon a law enforcement officer performing his duty to arrest (§ 784.07, Fla. Stat.) is the only act that is used to prove a second criminal charge of resisting an officer with violence (§ 843.01, Fla. Stat.). See, e.g., Henriquez v. State, 463 So.2d 1178 (Fla. 4th DCA 1984).
One of the very earliest state cases considering the substance of two nominally different, but substantively same, criminal charges is State v. Lewis, 2 Hawkes 98, 11 Am.Dec. 741 (N.C. 1822), which held that after being convicted of larceny a defendant could not be tried for robbery relating to the same felonious taking of the same *283 goods because the first was a simple larceny and the robbery was a mixed and compound larceny consisting of an aggravated taking from the person.[3] Another early state case is State v. Cooper, 1 Green Law 361, 25 Am.Dec. 490 (N.J. 1833), in which the court held that after the defendant was tried and convicted for arson he could not be tried for felony murder resulting from the same arson.[4] In Cooper, the New Jersey court got to the heart of the legal problem of identifying criminal offenses and charges by seeking to look at the substance rather than the form of each. The court wrestled with the concept of substance versus form as it relates to constitutional concepts and criminal offenses stating:
At first view, it appears as if there were two crimes distinctly indictable and punishable... . Had the law called it [the felony murder offense] by some other name, as, for instance, as aggravated arson, the propriety of prosecuting but one crime would have been more striking. Yet names cannot alter the substance of things. If the whole offense, in the eye of reason and philosophy, is one (and it requires the whole of it to constitute murder) we ought not to presume that the legislature meant to punish it as two. And, indeed, the power of the legislature to subdivide offenses must be restrained by the constitutional provision which I have noticed; otherwise that provision may be evaded at pleasure.[5] In this case, the arson is a necessary constituent of the murder... . (emphasis supplied)
25 Am.Dec. at 493.
Theoretical consideration of the nature of criminal offenses leads to the conclusion that there are but a limited number of substantively different offenses which have often been subdivided by the legislature into nominally different statutory offenses, many of which are but degrees, or variations in form, of some one basic substantive offense.[6] These degree differentiations *284 are usually made on the basis of the means or methods used in committing the basic offense or on other facts or factors considered to make the commission of the basic offense more egregious and deserving of increased levels of punishment. It thus follows that statutory criminal offenses are usually composed essentially of two types of elements: those elements comprising the nucleus of some basic substantive offense and other elements which serve only to establish or distinguish different degrees or variations of the one particular substantive offense. Under the Blockburger test a comparison of nuclear elements serves well to identify and distinguish substantively different offenses but a consideration and comparison of elements that merely distinguish degrees or variations of one basic offense defeats the purpose of the analysis. Much theoretical work must yet be done if the true nature of offenses and their constituent elements are to be understood and constitutional double jeopardy rights are to be a meaningful limitation on the power of the legislature to subdivide substantive offenses.
The problem is not that the legislature intends only to multiply punishments by multiplying offenses by subdividing one substantive offense into many statutory offenses because, subject only to the constitutional limitation against cruel and unusual punishment, the legislature can accomplish that result constitutionally by merely varying punishment for one substantive offense based on the same facts and factors now often used in statutory offenses as elements to distinguish degrees or variations of one substantive offense. In fact this is often properly done by the legislature.[7] The danger of recognizing a constitutional legislative authority to subdivide substantive offenses at will is that it gives the prosecutor opportunities to prosecute repeatedly one citizen for what is but one and "the same offense" contrary to the intent of the constitutional double jeopardy clauses. To recognize the three statutes in this case as being substantively different means that an accused can be constitutionally charged and placed in jeopardy as to one such statutory offense and after acquittal again charged on the same factual event as to the second statutory offense and after acquittal as to that charge again charged on the same factual event as to the third statutory offense. Such a possibility of multiple jeopardy as to essentially one factual event violates the intent of the constitutional prohibition against double jeopardy. It makes no difference whether the three criminal charges are made in three charging documents and tried in three trials or made in one document and tried together. As explained in the dissent in Barnhill, supra, the original Blockburger case related to multiple charges in one trial setting. The Blockburger test could be modified to compare only nuclear elements that serve to define different substantive offenses and not to compare elements that serve only to differentiate different degrees or variations of what is but one basic substantive offense. However, if each substantive offense must first be identified in order to compare only its nuclear elements the Blockburger test would be unnecessary because its very purpose is only to identify substantively different offenses.
*285 Houser v. State, 474 So.2d 1193 (Fla. 1985), states:
And "[t]he assumption underlying the Blockburger rule is that [the legislative body] ordinarily does not intend to punish the same offense under two different statutes." Ball v. United States, [___ U.S. ___] 105 S.Ct. 1668, 1672 [84 L.Ed.2d 740] (1985). This assumption should apply generally to statutory construction. While the legislature is free to punish the same crime under two or more statutes, it cannot be assumed that it ordinarily intends to do so.
The same concern was expressed in Rhames v. State, 10 FLW 1939 (Fla. 1st DCA August 13, 1985), when the court stated:
We are constrained to avoid a result which would countenance the "labeling under different statutory sections of essentially the same crime."
citing Bell v. State, 437 So.2d 1057, 1059 (Fla. 1983), citing Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). I believe that if a legislature by two statutes prohibited that which is in substance one and "the same offense" and clearly and expressly stated its intent that an accused could, as to a single factual event or act, be tried and convicted for both offenses, the constitutional double jeopardy clause would bar the effectuation of that unconstitutional legislative intent. Nevertheless, in this case, two of the three convictions should be reversed under the current rationale of the Florida and United States Supreme Courts because according to Houser there is no basis for any assumption that the legislature intended to punish the one lewd act in this case under all three different statutes.
The basic substantive offense in this case appears to be the prohibition of "a lewd act," and the elements distinguishing the three statutes in question distinguish only degrees or variations of the one basic prohibited act.

CONCLUSION:
The three criminal charges in this case are, in substance and constitutional contemplation "the same offense" and the violation of the defendant's constitutional double jeopardy rights resulting from his three convictions for "the same offense" is fundamental error (Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984)). Accordingly, the two misdemeanor convictions (§§ 798.02 and 800.03, Fla. Stat.) should be reversed and the one felony conviction under section 800.04, Fla. Stat. should be affirmed.
NOTES
[1] See, e.g., Borges v. State, 415 So.2d 1265 (Fla. 1982), applying the analytical method applied in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] See Burke v. State, 475 So.2d 252 (Fla. 5th DCA 1985); Barnhill v. State, 471 So.2d 160 (Fla. 5th DCA 1985).
[3] One hundred and sixty-two years later a similar question is currently pending before the Florida Supreme Court, see Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1984), review granted, No. 64,775 (State v. Rodriquez). At common law robbery was thought of as a form of aggravated larceny being a larceny by force or violence. This suggests that all larcenies are but one substantive offense ("Thou shall not steal."), that simple or petit larceny (or misuse, if an offense) is the nuclear or substantive offense and that grand theft, robbery, embezzlement, larceny by trick, and all other specific thefts defined by statute are but subdivisions in form (or degrees or variations) of the basic substantive crime of stealing. If this is true then the conclusion of the majority in Rodriquez (that one cannot be convicted of both robbery and grand larceny as to one wrongful taking) appears correct, albeit not for the correct reason, and the dissent in that case erred, as does the dissent in Higdon v. State, 465 So.2d 1309 (Fla. 5th DCA 1985), by attempting a Blockburger type substantive analysis of two offenses not recognizing that the compared elements merely differentiate but degrees of one substantive offense.
[4] One hundred and fifty-one years later that question is also currently pending before the Florida Supreme Court, see Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), review granted, 476 So.2d 191 (State v. Snowden).
[5] The Cooper opinion shows profound insight in recognizing that if constitutional rights were based on form rather than substance, those constitutional rights could be abridged or effectively eliminated by the legislative branch by merely passing many criminal statutes with many different names or section numbers (different in form) or nominally differentiating elements prohibiting what is in substance the same conduct ("the same offense") so that one could, contrary to the constitutional protection, be put in jeopardy many times as to what are but subdivisions, degrees or variations of what is in substance but one and "the same offense." This is why interpretation or construction of constitutional rights involving criminal offenses must be based on the substance of those offenses, not on their form, and on elements that distinguish substantive offenses, not mere degrees thereof. Mere form is always subject to loophole opportunities capable of manipulation but substance, which is the ultimate reality that underlies all outward manifestations, is not.
[6] It is presently not possible to catalog all substantively different crimes into any schedule of offenses or to formulate a precise definition. They seem to fall into categories of acts which are inherently and by their very nature wrong in basic different ways such as were classified, without legal or scientific distinction, at common law as crimes mala in se. The groupings would include (1) homicide (Houser v. State, 474 So.2d 1193 (Fla. 1985), and Green v. State, 475 So.2d 235 (Fla. 1985), are steps toward recognition that homicide is but one substantive crime, (2) injuries to persons, probably subdivided according to the type of harm done or intended (assaults, batteries, and perhaps rape), (3) crimes involving the wrongful misuse or taking or destruction of property (larceny, robbery, obtaining by false pretense, forgery, uttering, arson, etc.), and substantively different crimes mala prohibita. See generally Burdick, Vol. 1, Law of Crime, p. 86, Chapter VI, Classification of Crimes.
[7] See, e.g., § 775.0845, Fla. Stat., increasing the penalty for offenses committed while wearing a mask; § 775.087(1), Fla. Stat.; enhancing punishment for certain offenses committed while carrying or using any weapon; § 775.087(2), Fla. Stat.; providing for a three year minimum mandatory sentence as to certain offenses committed by one possessing a firearm and § 812.13, Fla. Stat., varying the punishment for robbery based on factors involving carrying weapons or deadly weapons.