418 So.2d 1070 (1982)
Stanley Eugene MILES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-496, 81-583.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
Rehearing Denied September 10, 1982.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant was charged with two separate aggravated assaults, case numbers 78-1638 and 78-1749. On case number 78-1749, appellant was released on bail and notified to appear before the trial judge for a pre-trial conference on January 15, 1979. On case number 78-1638, appellant was released on his own recognizance and notified to appear before the trial judge for a pre-trial conference on January 15, 1979. Appellant failed to appear before the trial judge on January 15, 1979, and he was charged in case number 80-1589 with two counts of willfully failing to appear for his pre-trial conference.[1]
Appellant moved for a statement of particulars and while the state responded, it provided nothing that distinguished count I from count II.
The defense then moved to dismiss the information on the ground that count II was identical to count I, but the motion was denied. On appeal, appellant has requested this court to vacate one of the judgments and sentences.
We agree with appellant's contention. Count II was identical in its language to *1071 count I. The state did not supply any additional information distinguishing the two charges in its statement of particulars nor was the jury instructed that in count I appellant was charged with committing a separate and distinct crime from that charged in count II. Thus, it appears that appellant was twice charged with and later convicted of, the same crime. It is basic that one cannot be placed in jeopardy twice for the same offense. U.S.Const.Amend. V. There being nothing to distinguish count I from count II, the conviction for one must be vacated. Therefore, the conviction and sentence as to count I are AFFIRMED. As to count II, the conviction is REVERSED and the sentence VACATED.
AFFIRMED in part, REVERSED in part.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I agree with the conclusion and much of what is said in the majority opinion. I do not agree with the implications in the majority opinion that whether two certain offenses are "the same offense" within the constitutional double jeopardy prohibition can be correctly determined from an examination of the charging document alone. Charging documents may sometimes indicate that two accusations (charges) are based on separate and distinct statutory crimes or are based on two separate and distinct factual events thereby eliminating the application of the double jeopardy clause and permitting the accused to be placed in jeopardy of trials, convictions or sentences as to both. However, because of the criminal law principle that, in the absence of a statement of particulars, allegations in the charging document as to time are not of the essence and proof may relate to facts occurring at any time within the applicable statute of limitations, even allegations that facially appear to relate to different factual events may not do so upon examination of the proof offered in support of the allegations. For the same reason, it is even more dangerous to look at the accusatory document in an attempt to ascertain if two charges relate to the exact same factual event so as to bar jeopardy as to trials, convictions and sentences as to both. In referring to the failure of the statement of particulars in this case to make a factual distinction between the two charges, the majority opinion indicates some awareness of the danger, but the majority opinion does not give an adequate warning of the danger of comparing the allegations in charging documents in double jeopardy questions involving identity of offenses. We should clearly state that double jeopardy is a matter of fundamental substance and is grounded on the law and the facts and point out the limited value and reliability of the charging document as evidence of either the legal difference between the elements of statutory crimes charged or as an accurate indication of whether the actual facts underlying the charges relate to one or to two different and distinct factual events for double jeopardy purposes. The last sentence in Florida Rule of Criminal Procedure 3.140(o), suggesting that a charging document is subject to dismissal if it is so vague, indistinct and indefinite as to expose the accused "after conviction or acquittal to substantial danger of a new prosecution for the same offense," is insufficient in scope to fully effectuate an accused's double jeopardy constitutional rights for several reasons. First, as explained above, the rule erroneously implies that the factual and legal questions involved in double jeopardy cases can be determined from the charging document or documents. Next, the rule relates only to the notion of "former jeopardy," which contemplates only a prior and a subsequent prosecution. However, the concept of double jeopardy not only includes such successive prosecutions, but also includes multiple simultaneous prosecutions by way of multiple informations consolidated for a single trial and, as in this case, multiple counts in one information, when such multiple informations or multiple counts relate to offenses which under proper legal analysis *1072 are constitutionally, and in substance, one and the same offense.
The essential question involved in this appeal is whether the two offenses charged in the two counts in information 78-1589 are "the same offense" within the meaning of constitutional double jeopardy. Any two offenses are "the same offense" within the constitutional double jeopardy prohibition if, (a) in law, both have the identical essential constituent elements[1]or all of the essential constituent elements of one offense are entirely included in the essential constituent elements of the other offense,[2]and, (b) in fact, both offenses relate to the exact same factual event.[3]
Each of the two counts in information number 78-1589 related to a violation of one and the same statutorily defined offense (§ 843.15(1)(a), Fla. Stat. (1979)), so there can be absolutely no legal question relating to an identity of the statutory offenses which might lead to a determination that such offenses alleged in the two counts are separate and distinctly different in law by virtue of each having at least one element different from the other. The essential constituent elements of the two alleged statutory offenses are identical and, therefore, the first half of the full proper test for determining the applicability of the double jeopardy clause is met. The only question left is whether the two offenses as charged relate to the same or to two different factual events. As charged in the two counts, and, more importantly, as shown by the uncontradicted evidence in the record, both offenses of failure to appear relate to one and the exact same factual event (in this particular case an omission rather than an act), to-wit: the failure of the appellant to appear at the one exact same time and place, i.e., at 9:00 a.m. on January 15, 1979, before one and the same trial judge in the courthouse in DeLand, Florida. Therefore, since both counts in the information charge offenses which are identical in law and in fact they are "the same offense" within the meaning of both the federal and state constitutions and appellant cannot properly be placed in jeopardy of trial, conviction or punishment for both.
Instead of arguing the above constitutional double jeopardy concepts, appellant argued that he could not be convicted of both crimes "since each is a facet of the same criminal transaction," citing Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980), and Jane v. State, 362 So.2d 1005 (Fla. 4th DCA 1978). The majority opinion fails to discuss appellant's argument. I believe it should be dealt with openly. This argument, and the cases cited, refer to the "single transaction rule." This legal argument is being made in the courts daily. Unfortunately, the state's usual reply, as in this case, impliedly concedes the existence and applicability of the rule and the validity of the argument but attempts to avoid it by arguing that appellant's argument relates only to whether or not appellant can be sentenced for both crimes and not to whether he can be tried for both. Most unfortunately, trial and appellate courts are currently still deciding cases on the basis of this outdated argument which misunderstands the current state of the law. The single transaction rule never had anything to do with constitutional double jeopardy; it was never more than somewhat of a distorted court-made substitute for the constitutional principle and has done much to confuse courts as to a proper appreciation *1073 and application of the constitutional concept.[4] Moreover, the single transaction rule was abolished in Florida, effective October 1, 1976, by the enactment of section 775.021(4), Florida Statutes. See, e.g., Borges v. State, 415 So.2d 1265 (Fla. 1982); Gonzalez v. State, 367 So.2d 1008 (Fla. 1979); State v. Munford, 357 So.2d 706 (Fla. 1978); Portee v. State, 392 So.2d 314 (Fla. 2d DCA 1980). Therefore, certainly since October 1, 1976, any argument and any case involving the question of whether an accused can be tried, convicted or sentenced for both of two or more crimes which argument or case uses the term "facets of the same transaction" or "same episode" or similar references to the single transaction rule should be considered erroneous and disregarded as to the question here involved. The courts have a duty to continue to repeat this until it is understood and also to clearly explain the proper rationale for a correct determination and disposition of double jeopardy questions including the identification of two offenses or violations as being in law or in fact separate and distinct (thus permitting prosecutions for both), or as being in fact and in law "the same offense" within the meaning of the constitutional prohibition against double jeopardy (thus prohibiting multiple prosecutions and convictions).
NOTES
[1] The information in case number 81-1589 charged as follows:

COUNT I
CHARGE: FAILURE TO APPEAR, in Violation of F.S. 843.15(1)(a)
SPECIFICATIONS OF CHARGE: In that STANLEY EUGENE MILES, on or about the 15th day of January, 1979, at or near DeLand within Volusia County, Florida, did unlawfully, while released pursuant to Chapter 903, willfully fail to appear for his Pretrial Conference on charges of Aggravated Assault before the Honorable Uriel Blount, Jr. as required.
Count II repeated verbatim the allegations of Count I. Thus, although the original crimes were separate and distinct, the information charging appellant with failure to appear contained nothing to distinguish Count I from Count II.
[1] See Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981).
[2] See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981).
[3] The phrase "exact same factual event" means a single occurrence in proper combination of all facts necessary to prove all essential elements of one statutory offense. This does not mean a single or same "transaction" or "episode," which terms can include many different factual events accomplishing single violations of each of two or more different statutory offenses (as in Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980) or two or more distinctly different violations of the same statutory offense (as in Brown v. State, 413 So.2d 1273 (Fla. 1st DCA 1982).
[4] Judge William C. Owen, Jr., made this clear as early as 1971 in State v. Conrad, 243 So.2d 174 (Fla. 4th DCA 1971), but the message in that case has been generally overlooked.