478 So.2d 24 (1985)
STATE of Florida, Petitioner,
v.
Tom Alex O'HARA, Respondent.
No. 65116.
Supreme Court of Florida.
September 12, 1985.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and David A. Henson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
EHRLICH, Justice.
Once again we are called upon to resolve a problem of multiple crimes arising out of a single episode. This case is in conflict with State v. Baker, 452 So.2d 927 (Fla. 1984), and we therefore have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
*25 O'Hara was convicted of, inter alia, extortion[1] and second-degree grand theft[2] for threatening to have his victim arrested if she did not give him money. O'Hara and an accomplice were arrested after the victim turned over money provided by police who had been called into the case. The district court reversed the theft conviction, reasoning that "[o]ne cannot be convicted of two crimes for the taking of only one sum of money, be it through an extortion method as here, or a robbery method." O'Hara v. State, 448 So.2d 524, 524 (Fla. 5th DCA 1984). Unfortunately for Mr. O'Hara, one can be convicted of two crimes for taking only one sum of money, provided that neither crime is a necessarily lesser included offense of the other. State v. Baker. As Judge Cowart reasoned in his dissent from the decision below, 448 So.2d at 526, one may commit extortion without thieving, and one may commit theft without extorting. Neither crime is a necessarily lesser included offense of the other. The Baker test is satisfied, and both convictions and sentences must stand. § 775.021(4), Fla. Stat. (1981).
Accordingly, we quash the decision of the district court. It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] § 836.05, Fla. Stat. (1981):

Threats; extortion.  Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] § 812.014(1), Fla. Stat. (1981):

Theft.  (1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.