489 So.2d 188 (1986)
Michael Jay COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-125.
District Court of Appeal of Florida, Fifth District.
May 29, 1986.
James B. Gibson, Public Defender, and James R. Wulchak, Chief Appellate Division, and Kenneth Witts, Asst. Public Defenders, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING EN BANC
COBB, Chief Judge.
Pursuant to a motion for rehearing en banc (see Florida Rule of Appellate Procedure 9.331(c)) filed by the State of Florida, we herewith grant said motion and vacate our prior opinion in this cause filed January 30, 1986, and substitute the following:
The appellant, Michael Jay Collins, appeals from a judgment of conviction and sentence on two counts for trafficking in stolen goods. His contention is that his dual convictions constitute double jeopardy because the trafficking counts (Counts IV and V of the Information) were couched in identical language, to-wit:
AND for further information DOUGLAS CHESHIRE, JR., State Attorney of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, prosecuting for the State of Florida, under oath CHARGES that in Brevard County, Florida, on the 7th day of August, 1984, MICHAEL JAY COLLINS, did then and there traffic in, and endeavor to traffic in, certain property, to wit: JEWELRY, the property of FLORENCE MOONEY, as owner or custodian, which HE knew or should have known was stolen, contrary to Section 812.019, Florida Statutes.
We find that there was no double jeopardy. Although the state failed in its information *189 to factually differentiate two separate, discrete incidents of trafficking which occurred on the same date at different locations, that failure was waived by the defendant's failure to file either a motion to dismiss or motion for more definite statement. Moreover, the prosecutor offered to specify on the verdict forms which trafficking count related to which location, and defense counsel failed to accept the offer. In any event, the prosecution in closing argument related count four to one location and count five to another location; thus, it must be presumed that the jury was aware of the distinction between the two counts when they returned guilty verdicts on both counts.
Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982), relied upon by the appellant, is clearly distinguishable. In Miles the response of the state to an order granting a defense motion for a bill of particulars did not factually distinguish identical counts  nor did the proof at trial. As stated by the majority opinion in Miles: "Thus, it appears that [Miles] was twice charged with and later convicted of the same crime." This is not true in the instant case. The information was not challenged, and the proof at trial showed Collins was convicted of two separate offenses.
AFFIRMED.
DAUKSCH, ORFINGER and SHARP, JJ., concur.
COWART, J., dissents with opinion in which UPCHURCH, J., concurs.
COWART, Judge, dissenting:
There is no legal presumption that a criminal conviction was obtained without violating the defendant's constitutional rights. To the contrary, constitutional due process requires that the State make a record in the trial of every criminal case sufficient to affirmatively show that the defendant's conviction was not obtained in violation of his fundamental constitutional rights.[1] The defendant has no burden to do anything to create a record to show that his constitutionally guaranteed rights were not violated.
Constitutional double jeopardy rights[2] have been violated when one has been tried and convicted twice for "the same offense." That violation is a fundamental error.[3] There is a prohibited identity of offenses, and two convictions are for "the same offense," unless the criminal charges supporting the two convictions are themselves based either (1) on two different statutory offenses OR (2) on two different factual events.[4] Statutory offenses are substantively "different" if each has at *190 least one essential constituent nuclear[5] or core element not required by the other.[6] Factual events are substantively different if each set of facts upon which a criminal charge is based includes an essential elemental or atomic fact (some time, place, fact, act, object, or intent) not included in the set of essential facts upon which the other criminal charge is based.[7] When the charging document shows, facially, that two criminal charges are based on substantively different statutory offenses there can be no double jeopardy violation based on those two criminal charges being identical. However, when the charging document shows that the statutory offenses upon which two criminal charges are based are substantively "the same offense," then in order to meet constitutional due process requirements the factual allegations in the charging document MUST affirmatively show that each of the two criminal charges relates to a different factual event; otherwise, the charging document is inadequate to show that the accused is not being put in jeopardy twice for "the same offense" in violation of his constitutional double jeopardy rights.[8]
The charging document in this case alleges two criminal charges (Counts IV and V) and, as in Miles,[9] the charging document affirmatively shows that both of the two criminal charges are based on the same statutory prohibition and, further, both of the two charges allege the exact same facts in verbatim identical words.[10] Therefore, the charging document in this case is legally inadequate to charge two offenses either legally different, because each is based on a substantively different statutory prohibition, or factually different, because each charge relates to a separate and distinctly different factual event. Accordingly, here, as in Miles, a due process problem and a double jeopardy problem is involved and the record affirmatively demonstrates that the defendant's constitutional rights were violated when he was twice put in jeopardy, and twice convicted, for "the same offense."
The constitutional double jeopardy clauses protect not only from being convicted twice of the same offense but from even being tried (put in jeopardy) twice for the *191 same offense.[11] This constitutional right cannot be assured by a procedure permitting an accused to be twice tried under a charging document twice alleging a single set of facts and then permitting the State to successfully argue, after the trial is over, that the facts presented at trial are susceptible of being interpreted by the jury as relating to two separate and distinctly different factual events and presuming that the jury accurately related one such set of proven facts to one of the charges, and the other set of proven facts to the other charge, when the charging document lacks the specificity required to describe and distinguish two sets of facts. There is no way for the jury to do this. During its deliberation in this very case the jury's queries to the trial judge clearly demonstrate confusion and difficulty in this very particular.[12] The record does not, and cannot, show that this inherent confusion was correctly resolved. Due process requires that double jeopardy rights not be left to be resolved, factually, by a confused jury; instead the charging document must make the necessary distinctions so that the sufficiency of the legal differences, if any, between two criminal charges can be analyzed and considered, as a matter of law, by the trial judge and by an appellate court.
Analyzing double jeopardy identity of offenses problems by looking at the facts (evidence) presented at trial and attempting to determine if it can possibly be viewed as relating to two separate and different factual events, rather than analyzing the core elements of the statutory offenses and the factual bases for the criminal charges as alleged in the charging document, has been consistently disapproved by the Florida Supreme Court.[13] Any opinion upholding such an analysis of the evidentiary facts, and upholding two convictions for what is shown to be "the same offense" by the statutes and allegations in a charging document, is in direct conflict with numerous decisions of the Florida Supreme Court, including those cited in the last note.
One of the twin convictions must be reversed.
We should also certify this question as follows:
When a defendant is charged with violating one criminal statute two times, must the charging document allege the two factual events so that, as a matter of law, each clearly relates to a separate and distinctly different event, or may both charges describe, generally, one factual event without distinction and the matter be left to the jury to convict of one or both charges depending on their view of the proof at trial, either as relating to a single factual event or as being two different events, and on a presumption that the jury correctly allocated certain evidence to one charge and other evidence to the other charge.
NOTES
[1] See, e.g., Crain v. United States, 162 U.S. 625, 645, 16 S.Ct. 952, 959, 40 L.Ed. 1097, 1103 (1896), where the Supreme Court stated that "the record of [defendant's] conviction should show distinctly, and not by inference merely, that every step involved in due process of law, and essential to a valid trial, was taken in the trial court; otherwise, the judgment will be erroneous."
[2] U.S. Const. amend. V; Art. I, § 9, Fla. Const.
[3] The defendant raised this issue below by moving to dismiss at the close of the State's evidence on the ground that two counts were identical charges. Regardless, the violation of a constitutional double jeopardy right constitutes fundamental error which can be raised for the first time on appeal. State v. Johnson, 483 So.2d 420 (Fla. 1986). This means that the burden to avoid this error is on the State, not on the defendant. The defendant does not have to take steps in the trial court, by filing a motion to dismiss the information or motion for a more definite statement or otherwise, to eliminate the effect and consequence of the State's failure to factually differentiate the two charges so as to charge two separate, discrete acts of trafficking. Because of due process reasons, neither can the State's inadequate charging document be corrected, after jeopardy attaches, by argument of counsel or verdict forms. No implied waiver or estoppel runs against a defendant who fails to take some affirmative action to cure fundamental errors of the State. To the extent that the majority opinion relies on waivers of this double jeopardy violation, implied from the defendant's inaction, it is in direct conflict with State v. Johnson, supra.
[4] See O'Hara v. State, 448 So.2d 524 (Fla. 5th DCA 1984), quashed, 478 So.2d 24 (Fla. 1985). See also W.J.W. v. State, 446 So.2d 248 (Fla. 5th DCA 1984; Savino v. State, 447 So.2d 411 (Fla. 5th DCA 1984); Hedges v. State, 448 So.2d 5 (Fla. 5th DCA 1984); Madry v. State, 448 So.2d 8 (Fla. 5th DCA 1984); Holmes v. State, 453 So.2d 533 (Fla. 5th DCA 1984); O'Brien v. State, 454 So.2d 675 (Fla. 5th DCA), review denied, 461 So.2d 116 (Fla. 1984); Morman v. State, 458 So.2d 88 (Fla. 5th DCA 1984); Akins v. State, 462 So.2d 1161 (Fla. 5th DCA 1984); Shaw v. State, 466 So.2d 1245 (Fla. 5th DCA 1985); Barnhill v. State, 471 So.2d 160 (Fla. 5th DCA 1985); Burke v. State, 475 So.2d 252 (Fla. 5th DCA 1985), review denied, 484 So.2d 10 (Fla. 1986); Gotthardt v. State, 475 So.2d 281 (Fla. 5th DCA 1985).
[5] See the separate opinion in Gotthardt v. State, 475 So.2d 281 (Fla. 5th DCA 1985).
[6] See Baker v. State, 425 So.2d 36, 42 (Fla. 5th DCA 1982), quashed, 456 So.2d 419 (Fla. 1984).
[7] See Baker, 425 So.2d at 44.
[8] A charging document is constitutionally defective in this situation, if it does not protect the defendant from being convicted twice for "the same offense." Florida Rule of Criminal Procedure 3.140(o) attempts to implement the constitutional double jeopardy right but it is not adequate to the full task.
[9] Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982).
[10] IV
AND for further information DOUGLAS CHESHIRE, JR., State Attorney of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, prosecuting for the State of Florida, under oath CHARGES that in Brevard County, Florida, on the 7th day of August, 1984, MICHAEL JAY COLLINS, did then and there traffic in, or endeavor to traffic in, certain property, to wit: JEWELRY, the property of FLORENCE MOONEY, as owner or custodian, which HE knew or should have known was stolen, contrary to Section 812.019, Florida Statutes,
COUNT V
AND for further information DOUGLAS CHESHIRE, JR., State Attorney of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, prosecuting for the State of Florida, under oath CHARGES that in Brevard County, Florida, on the 7th day of August, 1984, MICHAEL JAY COLLINS, did then and there traffic in, or endeavor to traffic in, certain property, to wit: JEWELRY, the property of FLORENCE MOONEY, as owner or custodian, which HE knew or should have known was stolen, contrary to Section 812.019, Florida Statutes.
[11] Obviously one cannot be convicted twice for "the same offense" except after he has been tried twice for "the same offense" and, conversely, obviously one has been placed in jeopardy (tried) twice for "the same offense" when he has been convicted twice for "the same offense."
[12] During its deliberations the jury queried the judge, "Clarification of Counts III, IV and V. When? Where? Each Count?" The judge replied, "You must rely on your collective recollection of the evidence." The jury then found the defendant guilty of all three counts.
[13] Borges v. State, 415 So.2d 1265 (Fla. 1982); Bell v. State, 437 So.2d 1057 (Fla. 1983); State v. Baker, 452 So.2d 927 (Fla. 1984); State v. Baker, 456 So.2d 419 (Fla. 1984); O'Hara v. State, 478 So.2d 24 (Fla. 1985).