569 So.2d 869 (1990)
Scott Keith HELMICK, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00844.
District Court of Appeal of Florida, Second District.
November 9, 1990.
James Marion Moorman, Public Defender, Bartow, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges his convictions and sentences for extortion with a firearm, aggravated assault with a firearm, false imprisonment with a firearm, and battery. We affirm in part and reverse in part.
On February 14, 1986, Susan Garcia, a salesperson for Radiant Oil Company, made a business call at the Helmicks' auto repair service. She greeted the appellant and a normal conversation about Radiant's products ensued. Garcia went outside to her truck, obtained catalogs and price sheets, and returned inside, where she placed them on a counter. As she turned to leave, the appellant grabbed her by the arm and forced her at gunpoint into a small bathroom. He then demanded, at gunpoint, *870 that she remove her clothes. She refused. The appellant put his hand on Garcia's chest and said he would kill her if she did not. Garcia slapped him and said, "I can't, I'm married." The appellant lowered the gun and began to cry, whereupon Garcia fled.
In a four-count information the state charged the appellant with aggravated assault with a firearm, kidnapping, battery, and extortion. After trial the jury returned guilty verdicts for aggravated assault with a firearm, false imprisonment with a firearm (the lesser offense of kidnapping), battery, and extortion with a firearm. The trial court adjudicated the appellant guilty of all offenses. The court enhanced the offenses of extortion and false imprisonment to first and second degree felonies, respectively, pursuant to section 775.087, Florida Statutes (1987).[1] Based on the enhanced offenses the appellant was sentenced within the guidelines.
The appellant's first assertion is that the offenses of aggravated assault and extortion are so intertwined that he cannot be convicted of both on double jeopardy grounds. However, aggravated assault and extortion each require an element that the other does not. Aggravated assault requires an "act which creates a well-founded fear in such other person that such violence is imminent." § 784.011, Fla. Stat. (1987). Extortion requires an intent "to extort money or any pecuniary advantage" or "to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will." § 836.05, Fla. Stat. (1987). Nothing indicates that the legislature did not intend these offenses to be separate and distinct. See Carawan v. State, 515 So.2d 161 (Fla. 1987); see also State v. O'Hara, 478 So.2d 24 (Fla. 1985). The convictions for aggravated assault and extortion are therefore affirmed.
The enhancement in degree of felony of the extortion and false imprisonment offenses for the use of a firearm is another matter. The state did not charge in the information that the appellant committed either of these offenses with a firearm. It is fundamental error to enhance convictions for the use of a firearm when the information does not charge the use of a firearm. Cox v. State, 530 So.2d 464 (Fla. 5th DCA 1988). Although the state alleged the use of a firearm in another count of the information, that count cannot serve to support the enhancement. State v. McKinnon, 540 So.2d 111 (Fla. 1989).
All sentences imposed upon the appellant, except the sentence on the misdemeanor battery charge, are vacated and this cause is remanded for resentencing under a recalculated scoresheet.
Affirmed in part, reversed in part.
CAMPBELL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] 775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence. 

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.