757 So.2d 1227 (2000)
Kyle NICHOLSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0113.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
Rehearing Denied May 26, 2000.
*1228 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
On evidence that appellant threw a brick through the window of the patio door at the rear of a dwelling, then ran to the front of the dwelling where he threw a brick through a front window, thereby putting the dwelling's occupant in fright, the jury found appellant guilty of two identically worded counts of throwing a deadly missile into a dwelling and one count of aggravated assault on its occupant. We affirm the judgment entered on the jury's verdict.
Appellant argues that under the wording of section 790.19, Florida Statutes, proscribing the throwing of "any" missile into a private building, the two discrete acts should be treated as a single offense on the authority of such cases as Wallace v. State, 724 So.2d 1176 (Fla. 1998); Hill v. State, 711 So.2d 1221 (Fla. 1st DCA 1998); Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA 1990) approved in part, quashed in part 590 So.2d 404 (Fla. 1991); State v. Watts, 462 So.2d 813 (Fla. 1985); Grappin v. State, 450 So.2d 480 (Fla.1984). The cited cases involved either what was clearly a single act on the part of the defendant, as in resisting arrest with more than one officer involved, or in a single possession of more than one article of contraband. The "any/a" dichotomy need not concern us here, as the two acts were clearly separate in both time and space such as to be properly considered as two separate offenses. See, e.g., Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993); State v. Thomas, 487 So.2d 1043 (Fla. 1986); Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989). The bricks were thrown at discrete times and from discrete locations. It clearly required separate intent to throw a brick through the patio door at the rear of the house and then, after running to the front of the house, to throw a brick through a front window.
Appellant also contends that because Counts I and II were identically worded, his conviction on both violates his protection against double jeopardy and, thus, constitutes fundamental error, citing in support of this argument Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982). In that case the defendant was convicted on two identically worded counts. On appeal, the court vacated one of the counts on double jeopardy principles because neither the charging document nor the state's bill of particulars distinguished between the facts of the two offenses, nor did the evidence adduced at trial. In Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986), involving convictions on each of two identically worded counts of an information, the court upheld both convictions against a claim of double jeopardy violation, distinguishing Miles on the grounds that in Collins the evidence clearly differentiated between the two counts. Here, as discussed above, the evidence at trial clearly distinguished between the two separate offenses, and on the basis of that proof we conclude, as did the Collins court, that double jeopardy considerations are not implicated. Furthermore, it should be noted that when appellant neither filed a pretrial motion to dismiss nor requested a bill of particulars, he waived the State's failure to factually differentiate between the two counts.[1]See Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986).
*1229 Appellant sought by motion in limine to suppress certain evidence relating to a collateral crime allegedly committed by him, evidence which was apparently relevant to a count of stalking upon which he was acquitted at trial. The motion was denied, and at trial the evidence came in without objection. Notwithstanding his acquittal on the stalking count, appellant now argues here that the court erred in allowing the evidence because it failed to establish by clear and convincing proof his identity as the perpetrator of the collateral crime. The failure to object at the time the evidence was offered waived the issue for appellate review, see Esty v. State, 642 So.2d 1074 (Fla.1994). Even were we to consider the matter on the merits, the record shows the court did not abuse its discretion in admitting the evidence. It was relevant to a matter in issue and the probative value was for the trier of fact.
Finally, appellant contends that the court erred in overruling his objections to certain arguments made by the prosecutor and in denying his motion for a mistrial. We have reviewed the specific arguments complained of and have concluded that they were both fair rebuttal to defense counsel's argument, see, e.g., Ferguson v. State, 417 So.2d 639 (Fla.1982), and that they were factually supported by the record, and thus proper, Stewart v. State, 558 So.2d 416 (Fla.1990). The trial court's rulings were reasonable and not an abuse of discretion, and therefore should be sustained. See, e.g., Hawk v. State, 718 So.2d 159, 162 (Fla.1998).
AFFIRMED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] The matter of the two counts being identically worded with nothing to distinguish one from the other was first brought to the attention of the court during the charge conference. The court offered to differentiate between the two counts in its instructions to the jury but defendant's counsel stated that he was not requesting such an instruction.