771 So.2d 3 (2000)
Lourdes VIZCON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1260.
District Court of Appeal of Florida, Third District.
August 9, 2000.
Rehearing Denied November 29, 2000.
G. Richard Strafer; Linda L. Carroll, Miami, for appellant.
Robert A. Butterworth, Attorney General and Steven R. Berger, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
SCHWARTZ, Chief Judge.
Based on evidence that, between April 18, 1997 and May 28, 1998, she wrote twenty-nine separate checks to cash from an account which contained the proceeds of an extensive insurance fraud, Vizcon was found guilty of twenty-nine separate counts of violating the money laundering statute, section 896.101(2)(a), Florida Statutes (Supp.1996),[1] and was sentenced accordingly. *4 On this appeal, she does not challenge the conclusion that she violated the statute in question. Rather, on two separate grounds, she claims that she could not lawfully have been convicted of more than one offense. We disagree and affirm.

I.
Vizcon's first contention is that a violation of the money laundering statute involves only a single continuous offense which, notwithstanding the number of acts involved, may support only a single conviction and sentence. As a matter of the plain language of the statute, we find to the contrary. As the state points out, the statute proscribes conducting "a financial transaction which in fact involves the proceeds of specified unlawful activity."(emphasis supplied) It is well settled in interpreting both other criminal statutes which involve similar language, State v. Farnham, 752 So.2d 12 (Fla. 5th DCA 2000); C.S. v. State, 638 So.2d 181 (Fla. 3d DCA 1994), review denied, 645 So.2d 451 (Fla. 1994), and even more specifically, the federal money laundering statute, the language of which is tracked by Florida, that the allowable "unit of prosecution" is the particular "financial transaction" involved in this case, the negotiation of each separate check. See United States v. Martin, 933 F.2d 609, 611 (8th Cir.1991)(affirming conviction on two separate money laundering counts where the counts alleged two transactions on different dates and in different locations involving different amounts of money, and rejecting defendant's apparent argument that "once he had engaged in one act of money laundering, he could continue to engage in subsequent acts of money laundering with impunity"); United States v. Conley, 826 F.Supp. 1536 (W.D.Pa.1993). See generally Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The trial court was correct in so ruling below.

II.
Vizcon's second argument presents the much more difficult question of whether, under the highly peculiar circumstances of this case, her multiple convictions and sentences are barred by that aspect of the constitutional rule against double jeopardy which forbids multiple convictions and sentences in the same prosecution for a single offense. See Cleveland v. State, 587 So.2d 1145 (Fla. 1991). The issue arises because, in what is certainly one of the most egregious examples of faulty draftspersonship ever seen, the respective counts of the information did not simply allege that the defendant had negotiated a check on each of the various dates in violation of section 896.101(2)(a). Rather, and inexplicably, the first such count, Count 2, alleged that "[b]eginning on or about April 18, 1997 and continuing through January 30, 1998, ... [she] did knowingly and unlawfully conduct or attempt to conduct a financial transaction which involved the proceeds of specified unlawful activity...." Each of the succeeding counts was identical except that the end period of the alleged violation coincided with the date of the next check so that Count 10 stated, "[b]eginning on or about April 18, 1997 and continuing through February 18, 1998, ... did knowingly and unlawfully conduct or attempt to conduct a financial transaction which involved the proceeds of specified unlawful activity ..." and the last relevant count, Count 30, stated, "[b]eginning on or about April 18, 1997 and continuing through May *5 28, 1998, ... did knowingly and unlawfully conduct or attempt to conduct a financial transaction which involved the proceeds of specified unlawful activity...." The defendant's double jeopardy claim is based on the fact that, as pled, all twenty-eight of the checks dated from January 30, 1998 to May 14, 1998 were included in the allegation of the last such count, so that a separate, successive prosecution on any of those "earlier" counts would have been precluded if Vizcon had first been tried and either acquitted or convicted of Count 30. See Bizzell v. State, 71 So.2d 735 (Fla.1954); Copsey v. State, 67 Md.App. 223, 507 A.2d 186 (1986); State v. Brownrigg, 87 Me. 500, 33 A. 11 (1895); Collins v. State, 489 So.2d 188, 189 (Fla. 5th DCA 1986)(Cowart, J., dissenting). All these statements are accurate, in fact undisputed, and the defendant's contention based upon them is facially appealing. Ultimately, however, it cannot be accepted.
This is, at bottom, because the issue before us does not concern the double jeopardy preclusion of successive prosecutions, as to which the contents of the respective charging documents are determinative, but whether the defendant has been unconstitutionally punished in the same prosecution more than once for only one criminal act.[2] On this point, the question is only whether that is true as a matter of objective fact. See State v. Carpenter, 417 So.2d 986 (Fla.1982); Young v. United States, 745 A.2d 943 (D.C.2000).[3] Here, because, however clumsy the accusatory pleading, the record is clear that the defendant committed twenty nine punishable offenses and that she was tried and found guilty by the jury for each of those violations, the defendant's argument on this issue must fail.
Closely on point is Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000), in which the court, dealing with a case in which separate counts were not only overlapping as here, but actually identical, held as follows:
On evidence that appellant threw a brick through the window of the patio door at the rear of a dwelling, then ran to the front of the dwelling where he threw a brick through a front window, thereby putting the dwelling's occupant in fright, the jury found appellant guilty of two identically worded counts of throwing a deadly missile into a dwelling *6 and one count of aggravated assault on its occupant.
* * *
Appellant ... contends that because Counts I and II were identically worded, his conviction on both violates his protection against double jeopardy and, thus, constitutes fundamental error, citing in support of this argument Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982). In that case the defendant was convicted on two identically worded counts. On appeal, the court vacated one of the counts on double jeopardy principles because neither the charging document nor the state's bill of particulars distinguished between the facts of the two offenses, nor did the evidence adduced at trial. In Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986), involving convictions on each of two identically worded counts of an information, the court upheld both convictions against a claim of double jeopardy violation, distinguishing Miles on the grounds that in Collins the evidence clearly differentiated between the two counts. Here, as discussed above, the evidence at trial clearly distinguished between the two separate offenses, and on the basis of that proof we conclude, as did the Collins court, that double jeopardy considerations are not implicated.[4]
Nicholson, 757 So.2d at 1228.
We agree. In the end, faulty pleading irrelevant to the assertion of any of the defendant's substantial interests should not result in even a partial forfeiture of the state's right to the full enforcement of its laws.
Affirmed.
NOTES
[1] 896.101 Offense of conduct of financial transaction involving proceeds of unlawful activity; penalties.

(2) It is a felony of the second degree, punishable as provides in s. 775.082, s. 775.083, or s. 775.084, for a person:
(a) Knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct or attempt to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity:
1. With the intent to promote the carrying on of specified unlawful activity; or
2. Knowing that the transaction is designed in whole or in part:
a. To conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
b. To avoid a transaction reporting requirement under state law.
[2] Even when the identical conduct is involved the constitution permits separate convictions when the conduct involves the violation of two or more separately enforceable statutory prohibitions. The analysis contained in Blockburger, and its numerous Florida progeny applies in determining whether a proper interpretation of the statutes in question permits such multiple convictions. These cases, although cited and argued by both sides, have no application to the present issue of whether the same or different criminal acts are the basis of more than one conviction and sentence. See Young v. United States, 745 A.2d 943 (D.C.2000); Conley, 826 F.Supp. at 1540 n. 5 ("That the `Blockburger test' remains limited to a single act violating two or more statutes, and is irrelevant to defining the scope of a single offense, can be seen in Sanabria v. United States, 437 U.S. 54, 70 & n. 24, 98 S.Ct. 2170, 2182, n. 24, 57 L.Ed.2d 43 (1978).").
[3] The dissenting opinion in Collins v. State, 489 So.2d 188, 189 (Fla. 5th DCA 1986), well expresses the contrary view that the present issue is also controlled by the wording of the indictment or information. While we greatly admire the scholarship and intellectualism which are so characteristic of Judge Cowart, we cannot agree with his conclusion, because it confuses, we think, the divergent nature of the two rights in question. Novaton v. State, 610 So.2d 726, 728 n. 3 (Fla. 3d DCA 1992), approved, 634 So.2d 607 (Fla.1994). In the successive prosecution situation, it is the right not to be subject to repeated prosecutions for crimes as to which, according to the respective accusatory pleadings, the defendant has already been put in jeopardy. In the present single prosecution for allegedly duplicative charges, however, it is the "right" not improperly to be punished more than one time for the same act. Novaton, 610 So.2d at 728 n. 3. As to this question, the only issue should be whether the convictions and sentences are, as a matter of fact, for only one offense.
[4] The court went on to say:

Furthermore, it should be noted that when appellant neither filed a pre-trial motion to dismiss nor requested a bill of particulars, he waived the State's failure to factually differentiate between the two counts.
Nicholson, 757 So.2d at 1228. We believe, because the issue was not raised below until after the trial and verdict, that this statement applies to the present case as well. Although the defendant points out that the multiplicity issue was argued before sentencing, and that a true double jeopardy claim is not subject to waiver in any event, see Novaton v. State, 634 So.2d 607 (Fla.1994); Novaton, 610 So.2d at 728 n. 3, our analysis has, we hope, demonstrated that, properly viewed, the case does not actually present a valid double jeopardy claim, but rather, at most, one of a defective information. That issue is subject to waiver by the failure to assert it in a timely attack on the information itself. Fla.R.Crim.P. 3.190; Nicholson, 757 So.2d 1227; Collins, 489 So.2d at 188; Hernandez v. State, 749 So.2d 1284 (Fla. 3d DCA 2000).