772 So.2d 19 (2000)
Michael Lee HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3951.
District Court of Appeal of Florida, Second District.
August 18, 2000.
Rehearing Denied October 10, 2000.
*20 James Marion Moorman, Public Defender and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Michael Lee Hill, was charged by information in Count I with burglary of a dwelling with an assault while armed with "a knife," and battery in Count II. After a jury trial, appellant was found guilty of both charges. The verdict specifically provided that appellant was guilty of "burglary of a dwelling," during which appellant "did possess a weapon," and "in the course of committing the burglary made an assault or battery," and guilty of battery as charged. We affirm.
The evidence at trial showed that at approximately midnight on February 16, 1999, four-year-old Evona Zoeckler was awakened in her bedroom by an intruder she described as a white male, with white "porcupine" hair, a blue jacket, and blue jeans. Evona testified that she was afraid, and testimony by her mother, Karen Bowers, and the investigating police officers described a hysterical little girl. At about the same time, Ms. Bowers was awakened by a noise in Evona's bedroom, and heard footsteps that appeared to proceed from Evona's bedroom to the front door. After receiving a description of the intruder from Evona, Ms. Bowers called 911 and within several minutes, the police arrived at approximately 12:16 a.m. An investigation revealed that a screen had been cut, a jalousie removed affording access to the home, and that the motion/security lights at the residence had been unscrewed.
Upon arriving at the residence, an investigating officer followed the sounds of barking dogs in the neighborhood to an abandoned house a short distance from the Bowers' residence. The house had no front door, and appellant, whose appearance and clothing matched Evona's description of the intruder, was found breathing heavily on a bed on the second floor. During a search, a pocketknife was discovered in appellant's pocket.
Another officer, using his "tracking" dog, traced appellant from the Bowers' *21 residence to the abandoned house. The investigators determined that Evona's panties had been cut, and she told them that the intruder had touched her "buttocks." Evona identified appellant as the intruder. Appellant subsequently confessed to breaking into the Bowers' residence and standing over Evona in her bedroom, although he stated that he did not remember touching her because he had "blackouts."
Appellant was sentenced to life on the burglary count and to time served on the battery count. We find no merit in appellant's assertion of error in regard to the sufficiency of the evidence or in the instructions to the jury regarding enhancement of the burglary charge. Under section 810.02(2), Florida Statutes (1997), a burglary conviction is enhanced to a life felony if the assailant, while in a dwelling or structure, commits an assault or battery or becomes armed with a "dangerous weapon." The evidence clearly establishes that appellant committed an assault and battery on Evona while in her residence.
While appellant complains that he was not proven to have been armed with a "dangerous weapon" as provided in section 810.02, we do not reach that issue. Section 810.02 provides for enhancement of a burglary charge in the alternative: If an assault or battery is committed or if the burglar is or becomes armed with a "dangerous weapon." In addition to the language in Count I of the information that appellant committed a burglary, and during the burglary committed an assault, there was also surplus language that "in the course thereof, Michael Lee Hill carried, displayed, used, threatened to use or attempted to use a knife contrary to Florida Statutes 775.087 and 810.02 (LIFEFEL)."
The jury verdict found appellant guilty of burglary with "an assault or battery," and that he "did possess a weapon." The burglary charge in this case was therefore properly enhanced by reason of the allegations of an assault. The finding that appellant possessed a "weapon" (not a "dangerous weapon"), adds nothing to appellant's conviction as he was charged with possessing a "knife," not of possessing "a dangerous weapon." We therefore need not engage in a debate as to whether a "knife" can constitute a "dangerous weapon" so as to enhance a burglary charge under section 810.02.
Appellant next complains that he was charged in the burglary count only with making "an assault upon Evona Zoeckler." He argues that the jury erroneously found him guilty of committing a burglary during which he "made an assault or battery," and that the jury's verdict was the result of the trial judge's erroneous jury instruction on "burglary with an assault or battery." Because the evidence clearly established that appellant committed both an assault and battery on Evona, we conclude that any error was harmless. We again observe that the enhancement provisions of section 810.02 are in the alternative. No distinction is made based upon which alternative is charged or found to have been committed. Therefore, a burglary charge may be enhanced if during the burglary, the defendant commits an assault or commits a battery or is armed with a "dangerous weapon."
In the instant case, appellant was separately charged with a battery in Count II. The evidence clearly demonstrated that the battery appellant was found guilty of in Count II also occurred during the burglary with an assault that he was charged with in Count I. The cases relied upon by appellant regarding this issue are distinguishable. See Helmick v. State, 569 So.2d 869 (Fla. 2d DCA 1990); Bryant v. State, 744 So.2d 1225 (Fla. 4th DCA 1999).
Finally, appellant argues that his confession should have been suppressed. We disagree. No motion to suppress was made prior to trial. On the morning of trial, appellant's counsel moved in limine to exclude statements appellant allegedly made to Detective Smith on the basis they *22 were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The trial court deferred ruling until it could hear a proffer on the matter. At the suppression hearing, the lone witness, Detective Smith, testified that when he initially read appellant his Miranda rights at about 2:30 a.m., appellant invoked his Miranda rights not to talk without counsel. Questioning then ceased and the detective never initiated any further conversation with appellant. Over the course of the next several hours, Detective Smith learned that appellant was on probation and notified the probation office that appellant was in custody.
Appellant's probation officer, a Ms. Myers, later arrived at the police station to visit appellant. She spoke briefly with Detective Smith, who advised her that appellant had invoked his right to counsel. We do not know what Ms. Myers' subsequent visit with appellant entailed because neither were called as witnesses, although Detective Smith observed appellant crying and overheard mention of the burglary to Ms. Myers. While we do not know how, or if any discussion of the burglary was initiated, Detective Smith testified that when Ms. Myers left the police station, she informed him that appellant "may want to talk to him." Detective Smith made no attempt to make further contact with appellant. Sometime later, a police department dispatcher notified Detective Smith that appellant requested a meeting with him. The Lake Wales Police Department cells were equipped with an intercom system which allowed appellant to contact and make requests of the dispatcher. The detective then had appellant brought from his cell, read him Miranda warnings again, obtained a written waiver, and listened to the confession.
It is clear from the record that appellant's confession was freely and voluntarily given. Once a suspect invokes his right to counsel, no further police-initiated custodial interrogation can take place unless the accused initiates further communication, exchanges, or conversations with the police. See Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In the instant case, it is clear that it was appellant who initiated further contact with the officer. There is no support in the record for appellant's theory that the officer, having been thwarted in his efforts to interrogate appellant when he invoked his right to counsel, utilized the probation officer to do his job for him. Interrogation of a suspect is permissible after the suspect has invoked his right to counsel when the suspect initiates contact with investigating officers and knowingly, voluntarily, and intelligently waives his constitutional rights. See Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); Oregon v. Bradshaw, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). Accordingly, the trial court properly admitted appellant's confession.
Affirmed.
ALTENBERND and GREEN, JJ., Concur.