888 So.2d 95 (2004)
Antonio J. REYES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1224.
District Court of Appeal of Florida, Third District.
November 24, 2004.
Sale Kuehne and Benedict P. Kuehne and Susan Dmitrovsky, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before SHEVIN, WELLS, and SHEPHERD, JJ.
PER CURIAM.
Antonio Reyes appeals his theft convictions and sentence. A jury found Reyes guilty of twenty nine counts of grand theft. The trial court denied Reyes' post-verdict motion for judgment of acquittal. It rejected the defense's requests for mitigation and announced a sentence of 71.1 months. The trial court's written order, however, provided for a 71.7 month sentence. As the State concedes, the sentencing order must be corrected to reflect the trial court's oral pronouncement of a 71.1 month sentence. See Newson v. State, 867 So.2d 603 (Fla. 2d DCA 2004) (remanding with instructions that a scrivener's error in the written sentence be corrected to conform with the oral pronouncement).
An exhaustive review of the record demonstrates no merit in the remaining points raised. There was no error in charging Reyes with multiple counts of grand theft. *96 See Hearn v. State, 55 So.2d 559 (Fla.1951) (observing that when property is stolen at different times or places or as a result of a series of acts, separated in time, place, or circumstance, each taking is a separate and distinct offense); State v. Diaz, 814 So.2d 466 (Fla. 3d DCA 2002)(finding each invoice to be a separate taking and, therefore, only the final invoice was within the statute of limitations); Vizcon v. State, 771 So.2d 3 (Fla. 3d DCA 2000) (holding that money laundering statute did not prohibit separate convictions for negotiation of each of twenty-nine separate checks written over the course of a year even though defendant claimed that the offense was singular and continuous). There was no double jeopardy violation. See Donovan v. State, 572 So.2d 522, 526 (Fla. 5th DCA 1990); see also Sewall v. State, 783 So.2d 1171, 1179 (Fla. 5th DCA 2001). The State introduced competent evidence which was clearly inconsistent with the defendant's theory of events, see State v. Law, 559 So.2d 187, 188 (Fla.1989), and the balance of Reyes's arguments are likewise unpersuasive.
Affirmed; remanded to correct scrivener's error.