PALMER, J.
In his ninth appearance here in this court, the defendant Ricardo Thompson has exhausted this court’s patience and resources. Thompson was convicted of two counts of sexual battery on a child less than 12 years of age (life felonies), and one count of lewd, lascivious, or indecent acts upon a child less than 12 years of age (second-degree felony). The charges were brought after his 11-year-old victim reported that she had sexual intercourse approximately 300 times with the 39-year-old Thompson between October 1995 and December 1996. The case against him included tape-recorded telephone conversations in which Thompson admitted to committing the crimes charged.
He appealed, and this court affirmed in a written opinion which held that the recording of the telephone conversation between Thompson and the victim was admissible. Thompson v. State, 731 So.2d 819 (Fla. 5th DCA 1999), review denied, 773 So.2d 58 (Fla.2000).
Eventually, because we found Thompson’s arguments and numerous post-conviction filings to be without merit, we issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). See Clinton v. Jones, 520 U.S. 681, 709 n. 42, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (court may rely on its inherent power in imposing appropriate sanctions, which may be set at a level “sufficient to deter repetition of such conduct or comparable conduct by others similarly situated”), quoting Cham *495 bers v. NASCO, Inc., 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).
Thompson asserts that his,claim of double jeopardy via a Rule 3.850 Motion is not barred because such a claim has no time limitation. He is mistaken. See State v. Williams, 854 So.2d 215 (Fla. 1st DCA 2003); Sanders v. State, 621 So.2d 723, 727 (Fla. 5th DCA 1993), review denied, 629 So.2d 135 (Fla.1993). In any event, his claim has no merit. See Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986); Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000).
Further, contrary to his assertion, the issue he raises now has been raised before, back in 2000, albeit in a different procedural posture. See Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995); Baker v. State, 878 So.2d 1236 (Fla.2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice); Proctor v. State, 869 So.2d 752, 753-54 (Fla. 5th DCA 2004) (“frequent filers” cause heavy burden; post-conviction caseload almost doubled in last ten years without any accompanying increase in central staff).
Consequently, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, we prohibit Thompson from filing any additional pro se appeals, pleadings, motions and petitions relating to his convictions and sentences in the underlying case. Any further pleadings filed in this court relating to his conviction and sentence must be reviewed and signed by an attorney who is licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Ricardo Thompson in Brevard County, Eighteenth Judicial Circuit Court No. 05-1997-CF-12645AXXX.
AFFIRMED; FUTURE PRO SE FILINGS PROHIBITED.
SHARP, W., and PLEUS, JJ., concur.