SCHWARTZ, Senior Judge.
As a result of an incident in which the appellant threatened another person with a handgun, he was found guilty, insofar as relevant here, of aggravated assault with a firearm, (count I), § 784.021(l)(a), Fla. Stat. (2009), and unlawful possession of [the same] firearm while engaged in the commission of a felony, to wit: [the same] aggravated assault (count V), § 790.07(2), Fla. Stat. (2009).[1] We agree with the sole contention on this appeal that, as a matter of fundamental error which need not be, as it was not, raised below, see Rimondi v. State, 89 So.3d 1059 (Fla. 4th DCA 2012), the convictions and sentences entered as to both offenses, cannot stand under that aspect of the double jeopardy rule which forbids more than one successful prosecution for the same criminal conduct. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Cleveland v. State, 587 So.2d 1145 (Fla.1991); Williams v. State, 83 So.3d 929 (Fla. 3d DCA 2012); Salazar v. State, 892 So.2d 545 (Fla. 3d DCA 2005); Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002), disapproved on other grounds, State v. Sousa, 903 So.2d 923 (Fla.2005); Mosely v. State, 679 So.2d 287 (Fla. 1st DCA 1996); Stripling v. State, 602 So.2d 663 (Fla. 3d DCA 1992); Washington v. State, 597 So.2d 840 (Fla. 3d DCA 1992).
The next and harder issue, however, and the only one which has practical significance, is which of the two sets of convictions and sentences should be vacated. A mistake like this is ordinarily remedied by setting aside the “lesser” offense. See Pizzo v. State, 945 So.2d 1203 (Fla.2006); State v. Barton, 523 So.2d 152 (Fla.1988). In this case, however, the trial judge, who was unaware of any issue on this point because it was not presented to him by either side, imposed a “greater” sentence on the supposedly “lesser” offense. Specifically, he sentenced the defendant for aggravated assault, which is a third degree felony, to the three-year min-man prison sentence required under section 775.087(2)(a)l.f., Florida Statutes (2009), because a firearm was involved,[2] and one year probation for the possession charge, notwithstanding that it is, counter-intuitively, a “more serious” second degree felony. In these circumstances, applying the “usual rule” would therefore result in an unwarranted windfall to the defendant and an obvious injustice to the prosecution. We decline to do so.
In support of this result, we note that, while the existence of more than one conviction and sentence for the same conduct directly violates the double jeopardy clause and is fundamentally erroneous, this is not true of the determination of which of multiple judgments should be set aside: because, in a word, it is not error at all to punish the defendant for either one. We made just that point in Vizcon v. State, 771 So.2d 3, 6 n. 4 (Fla. 3d DCA 2000). Hence, the general rule which requires, in the absence of fundamental error, preservation of a favorable position below, should be applied. This is the case here because *1245 the very purpose of the preservation doctrine, which is to further the avoidance of error in the first place, see Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980), would be directly served by its application to these circumstances; it is obvious that, if the problem had been called to the trial court’s attention, the two sentences would have been restructured accordingly, see Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), or, more likely, the conviction and sentence for possession would not have been entered at all. See Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000) (indicating that appellant’s failure to raise the issue below waived claim that double jeopardy was violated based on two identically worded counts of information); Vizcon, 771 So.2d at 6 n. 4 (following Nicholson).
Thus, we feel free, indeed obliged, to effectuate the intention of the Legislature, which governs in determining these issues. See McKinney v. State, 66 So.3d 852 (Fla.2011) (intention of the legislature is the controlling factor in determining the proper application of double jeopardy protection issues), cert, denied, — U.S. -, 132 S.Ct. 527, 181 L.Ed.2d 369 (2011). In this case, its intention, as expressed by the minimum-maximum statute, that guilt of such conduct committed with a firearm should be punished by a substantial criminal sentence, is stated in so many words by section 775.087(2)(d):
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
Mendenhall v. State, 48 So.3d 740, 747 (Fla.2010). We vindicate this intent by dropping the possession charge and affirming the judgment and sentence for aggravated assault.[3] It is so ordered.
Affirmed in part, vacated in part.

. He was also found guilty of and sentenced for the separate offense of carrying a concealed firearm (count III), which is not involved in this appeal.

. The judge also ordered the defendant to serve one year on probation following the prison sentence.

. Quite apart from the legal gymnastics in which we have indulged, a contrary conclusion would mean that a defendant, specifically the appellant, would be better off if his conduct violated an additional statute than if, in this case, the possession charge had been dropped by the prosecution or the court below or had never brought. There is nothing in our oaths to follow the law to require a result as to which the adjective absurd is an understatement. See Doctor v. State, 677 So.2d 1372 (Fla. 3d DCA 1996) (Schwartz, C.J., specially concurring), approved, 698 So.2d 1224 (Fla.1997).